[Civ. No. 2620.   Second Appellate District, Division One.—February 19, 1919.]

## A. L. ABRAHAMS, Appellant, v. W. A. HAMMEL, as Sheriff, etc., et al., Respondents.

[1] SALE—CONDITIONAL SALE CONTRACT—TRANSFER BY VENDEE WITHOUT IMMEDIATE DELIVERY—VOID AS TO ATTACHING CREDITOR OF ORIGINAL VENDEE.—Where the vendee in possession of personal property under a conditional contract of sale assigned the contract with the consent of the original vendor to a third person, who assumed the payments specified in the contract, and without ever having taken the property into his possession made the specified payments to the original vendor and received a bill of sale from the vendor, but made an arrangement with his assignor under which the latter retained possession of the property, the sale and purported transfer from the original vendee and the conditional contract to his assignee was as to an attaching creditor of the former to be deemed fraudulent and void under section 3440 of the Civil Code, and a bill of sale from such assignee was ineffectual as a transfer of the property.

APPEAL from a judgment of the Superior Court of Los Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tyrrell, Abrahams & Brown and Chas. W. Fricke for Appellant.

Strong & McCormick for Respondents.

SHAW, J.—Under a writ of attachment, issued in an action wherein F. W. Cole was plaintiff and G. G. Gillette was defendant, W. A. Hammel, as sheriff, levied upon and took possession of a certain automobile, title to which the plaintiff claimed was vested in Gillette. Thereupon plaintiff in this action filed a third-party claim with the sheriff and demanded delivery of possession of the property, which was refused.

This action for conversion followed, and judgment was entered in accordance with the verdict of a jury in favor of defendants.

The appeal is from the judgment and an order of court denying plaintiff's motion for a new trial.

The sole contention of appellant, which he presents without incorporating in the record the instructions given the jury, is that the verdict is not justified by the evidence; hence it is said the court should have granted his motion for a new trial.

[1] The evidence, in which there is some conflict, tended to show that on October 5, 1912, a conditional sale contract was made by the California Motor Company to Gillette, under which it, reserving the title to the car subject to the making of certain deferred payments thereon, when title was to vest in the vendee, delivered possession thereof to Gillette. On October 24th following, Gillette sold the car and, with the consent of the Motor Company, assigned the contract to J. A. Phillips as purchaser, who assumed the payments specified therein. On March 15, 1913, Phillips made the payments in compliance with the contract and received a bill of sale and receipt in full therefor, at which time he, *without having taken the car into his possession,* made an arrangement with Gillette whereby the latter was to retain possession thereof. Thereafter, on August 19, 1913, Phillips executed a lease of the car to Gillette's wife, but, in so far as disclosed by the evidence, she never acquired or took possession thereof, but the same continued in Gillette. On July 31, 1914, Phillips executed a bill of sale transferring his interest in the automobile to plaintiff, who at the time, *without obtaining possession* thereof from Gillette, gave Mrs. Gillette an option to purchase the car, which option, however, she never exercised.

It is alleged in the answer that all these transfers affecting the interest of Gillette in said car were made fraudulently, without consideration, and with intent to hinder and delay the creditors of Gillette, which, upon proper instructions, since the contrary is not shown we may assume were given, the jury upon the evidence might have found true. However this may be, it clearly appears that at the time the conditional sale was made to him by the Motor Company, Gillette acquired possession of the car, which, subject to the amount due thereon, he sold to Phillips who thereafter by payments made, extinguished the conditional sale contract, thus terminating all rights of either party and their assigns thereunder. Section 3440 of the Civil Code (excluding certain exceptions not here involved), declares that "every transfer of personal prop-

erty, . . . is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, . . . '' Under this provision, since the sale by Gillette to Phillips was *"not accompanied by an immediate delivery, and followed by an actual and continued change of possession,"* the sale and purported transfer to Phillips must, as to the attaching creditor, be deemed fraudulent and void. This being true, it follows that at the time Phillips sold the automobile to plaintiff the former had no title thereto, and hence the bill of sale to plaintiff was ineffectual as a transfer of the same. Conceding that he might have acquired title by taking the property into his possession, nevertheless plaintiff admits that he did not do so, but allowed Gillette to retain and control the same. The acts of the parties render the purported sale and transfer void as to the attaching creditor.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 18, 1919.

Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.